[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 07, 2006
THOMAS K. KAHN
CLERK

No. 06-11369
Non-Argument Calendar

D. C. Docket No. 04-22640-CV-AJ

EUGENIO GARCIA,

Plaintiff-Appellant,

versus

PORT ROYALE TRADING COMPANY, INC.,
LOUISE LYNCH,
OASIS OUTSOURCING, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

**(September 7, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's order granting summary judgment in favor of the employer, Port Royale Trading Company, Inc., and others ("the defendants") in Eugenio Garcia's claim brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Essentially, Garcia contends that the defendants violated the FLSA by failing to pay him overtime wages pursuant to the actual requirements, and that he was entitled to time-and-one-half for each hour worked in excess of 40 hours, rather than one-half-time.

The FLSA generally requires employers to compensate their employees at one-and-one-half times the employee's usual hourly rate, or "regular rate," for each hour worked over 40 hours. *Davis v. Friendly*, 2003 WL 21488682, *1 (11th Cir. 2003) (citing 29 U.S.C. § 207(a)(1)). But, the FLSA's implementing regulations permit employers to use alternative compensation schemes, like the fluctuating workweek method ("FWW"),[1] to suit various employment needs. 29 C.F.R. § 778.114.

---

[1]Under the FWW, which is typically used for employees whose hours fluctuate from week to week, the workweek is still capped at 40 hours, and any work in excess of 40 hours is considered overtime for which an employee must be paid. Employees are compensated at a fixed salary per week regardless of the number of hours worked (whether above or below 40 hours), and at one-half (or 50%) the regular rate, instead of one-and-one-half times (or 150%) for each hour worked in excess of 40 hours.

In granting summary judgment in favor of the defendants, the district court correctly found that Garcia failed to show that he did not have a clear understanding of the FWW method of compensation. Moreover, the record demonstrates that Garcia was properly paid overtime under the FWW method of compensation. Despite his claims of not understanding how he was paid due to his alleged inability to understand the English language, either written or spoken, he did understand how much money he was paid each week. He also knew that his hours fluctuated each week and that once he executed the fixed salary for fluctuating hours agreement, the manner in which he was compensated had changed. For almost three years after the execution of the agreement, Garcia began receiving a base salary regardless of the number of hours he worked and received additional half-time for each hour over 40. Accordingly, for the above-stated reasons, we conclude that the district court correctly granted summary judgment in favor of the defendants.

**AFFIRMED.**